**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4604-17T2

DEANNA M. ALSTON,

     Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR,
and UNITED PARCEL
SERVICE, INC.,

     Respondents.

_____

Submitted October 17, 2019 – Decided January 24, 2020

Before Judges Nugent and Suter.

On appeal from the Board of Review, Department of Labor, Docket No. 137,343.

Deanna M. Alston, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent Board of Review (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Shareef M. Omar, Deputy Attorney General, on the brief).

Respondent United Parcel Service, Inc., has not filed a brief.

PER CURIAM

Appellant, Deanna M. Alston, received a written "Request for Refund of Unemployment Benefits" (Refund Request) from the Director of Unemployment Insurance. The Refund Request informed appellant she was not eligible for unemployment benefits she had previously claimed, because she had been discharged from her employment for misconduct. The Refund Request also informed appellant the money she had collected had to be refunded and explained the procedure for appealing the decision. The procedure included the requirement that she file the appeal within seven days after delivery of the Refund Request or within ten calendar days after its mailing date.

Appellant filed an administrative appeal outside the appeal period "to appeal the Unemployment Payment Return[.]" During a telephonic hearing before the Appeal Tribunal, appellant acknowledged she did not mail her appeal of the Refund Request—which was mailed to her on November 21, 2017—until December 7, 2017. She admitted she received the Refund Request before November 30, 2017, when she wrote her appeal letter. She did not mail the letter, however, until December 7, 2017. Thus, she mailed her appeal letter

2

more than seven days after delivery of the Refund Request and more than ten calendar days after its mailing date.

When asked during the Appeal Tribunal why she filed the appeal outside the appeal periods, she testified: "Because . . . when I received it I was trying to do the foot work and go to UPS and get a printout of the hours I was hired for and the printout of my punch in times. So I can prove and provide information about me not being late."

She also testified she did not see there was a deadline for filing the appeal. She said:

> I just read what I read and . . . I thought I needed to try and go ahead and try to defend myself that I was telling the truth for when I was speaking with the lady right she was basically telling me well I was in the wrong basically. I'm just going to be stanchion and it is going to be what it is. And I just needed I didn't have nobody to do no foot work for me so I was doing it by trying to do it myself. I'm sorry.

Asked if she would have filed the appeal "more quickly" if she had seen there was a deadline for filing, appellant said, "[y]es, I would have. If I would have noticed actually the deadline time yes. I have a problem with not reading everything and it always get[s] me in trouble for not reading everything carefully."

A-4604-17T2

The Appeals Examiner dismissed the appeal as untimely filed. The Examiner found appellant had not filed the appeal within seven calendar days after delivery of the determination letter or within ten calendar days after the notification was mailed to her last known address. Citing N.J.A.C. 12:20-3.1(i), which provides that "[a] late appeal shall be considered on its merits if it is determined that the appeal was delayed for good cause," the Examiner declined to decide the appeal on its merits on the ground appellant had not shown good cause for filing the appeal late.

Appellant appealed to the Board of Review. The Board affirmed the Appeal Tribunal's Decision. Appellant filed this appeal.

Our scope of review of the Board's final decision is limited. See In re Stallworth, 208 N.J. 182, 194 (2011). We will not disturb an agency's ruling unless it is arbitrary, capricious, or unreasonable. Brady v. Bd. of Review, 152 N.J. 197, 210 (1997). An agency's action is arbitrary, capricious, or unreasonable if the record does not contain substantial evidence to support the findings on which the agency based its action. See id. at 211. In addition, "[f]ailure to address critical issues, or to analyze the evidence in light of those issues, renders the agency's decision arbitrary and capricious and is grounds for

A-4604-17T2

reversal."  Green v. State Health Benefits Comm'n, 373 N.J. Super. 408, 414–15 (App. Div. 2004).

Appellant's appeal was, indisputably, untimely.  The appeal periods explained in the Request for Refund are statutory.  See N.J.S.A. 43:21-6(b)(1) ("Unless the claimant or any interested party, within seven calendar days after delivery of notification of an initial determination or within [ten] calendar days after such notification was mailed to his or their last-known address and addresses, files an appeal from such decision, such decision shall be final and the benefits shall be paid or denied in accordance therewith . . . ."); see also Alicea v. Bd. of Review, 432 N.J. Super. 347, 349 n.2 (App. Div. 2013) ("The appeal of a determination that a person has illegally received unemployment benefits and must refund the benefits must be filed within seven calendar days after delivery or within ten calendar days after the mailing of the determination.").

A belatedly filed appeal shall be considered on the merits if the delay was for good cause.  N.J.A.C. 12:20-3.1(i).  "[G]ood cause" exists in circumstances "beyond the control of the appellant" or for circumstances that could not have been "reasonably foreseen or prevented."  Ibid.

Nothing in the record establishes good cause for appellant's late filing of her appeal. Claimant testified she failed to notice the deadline for filing an appeal, and admitted, "I have a problem with not reading everything and it always get[s] me in trouble for not reading everything carefully." This mistake was within her control and was not caused by unforeseen circumstances. The appellate tribunal's and Board's decisions were not arbitrary, capricious, or unreasonable.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4604-17T2